PER CURIAM.
We have for review a report of the referee in this disciplinary action in which it is recommended that respondent, Donald C. Jacobson, be suspended from the practice of law in Florida for two months and charged with the costs of the proceedings against him. Mr. Jacobson has not requested review by this Court.
The Bar brought a two-count complaint against respondent charging him with misconduct in handling several matters for various members of the Barrett family. Count I charged that respondent persuaded his clients Joseph and Celia Barrett to execute a blank contract for the sale of their home, and after obtaining their signatures thereto, he filled in the contract with an inflated purchase price for the purpose of obtaining a larger mortgage from the Ormond Beach Federal Savings and Loan Association. Count I also alleged that while the sale negotiations were in progress, the prospective purchasers, Mr. & Mrs. Gaitley, paid $500 to respondent as escrow agent for a deposit on the property. When the sale fell through, respondent allegedly returned the $500 to the purchasers without the permission of his own clients, the Barretts.
By Count II the Bar charged respondent with failing to deal honestly and fairly with his client, Mabel Barrett, in two contingent fee matters which he handled for her. In the “Texas” matter respondent entered into a verbal 33j4% contingent fee arrangement with Mrs. Barrett in an attempt to recover a claim for unpaid alimony. A settlement was negotiated for $3,000. Of this amount, respondent personally received $2,000 in fees, while Texas counsel in the matter received just over $1,000 in fees. In other words, the total fees charged exceeded the gross recovery, with respondent personally collecting $£ of the gross recovery. The “California” matter involved a claim arising out of Mrs. Barrett’s 1/2 ownership of a house in California. It appears that when respondent received a check for $5,468.95 in settlement *816 of that claim, he applied a portion of the proceeds to his fee in the Texas matter without consulting his client.
The referee made the following findings of fact and recommendations of guilt and punishment :
“As to Count I:
“1. The respondent prepared the contract for sale and purchase with an inflated purchase price for the purpose of misleading the Ormond Beach Federal Savings and Loan Association so that a larger mortgage loan would be committed upon the subject property.
“2. While the testimony given by the respondent at various times during the history of this dispute is contradictory, I find that the respondent never received the $500.00 binder deposit from the Gaitleys. However, the respondent represented to the sellers and to others in writing and orally that he had received the money and was holding it in trust pursuant to the contract. Respondent also represented that he had released the money that he apparently never had in his possession to release. I do agree with the position taken by both respondent and Bar counsel; that respondent’s responsibility is the same whether he had physical possession of the money, as he represented, or not.
“3. The respondent improperly failed to account to the Barretts for the funds which respondent claimed to be holding pursuant to the contract.

“As to Count 2:

“4. Respondent should not have charged his client the $500.00 per day “out of office” charge in addition to the Yz contingent fee arrangement he had with his client in connection with the Texas alimony claim.
“5. The respondent did not fairly and honestly deal with Mabel Barrett in charging fees and expenses.
“6. Respondent undertook to represent Mabel Barrett on a 1/3 contingent fee arrangement, yet he personally received in fees 2/z of the gross recovery and saw his correspondent counsel collect a net fee (after deduction of forwarding fee to respondent) of something just over the remaining Ys of the gross recovery.
RECOMMENDATION OF GUILT “It is recommended that respondent be suspended from the practice of law for a period of two months and until he pays the costs of these proceedings.
“I have found the total cost incurred on behalf of the Florida Bar to be $530.46. It is apparent from the record before me that other costs were incurred in this matter by the Grievance Committee, the Headquarters Office of the Florida Bar, and possibly the Board of Governors. It is recommended that all such costs and expenses, together with the foregoing itemized amounts, be charged against the respondent.”
Upon consideration of the record and report, we now approve the findings and recommendations of the referee. Respondent Donald C. Jacobson, is hereby suspended from the practice of law in Florida for a period of two months beginning July 1, 1972, and thereafter until he shall pay the costs of these proceedings as described above.
It is so ordered.
ROBERTS, C. J„ and ERVIN, CARLTON, McCAIN and DEICLE, JJ., concur.